IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

William N. Holland, Jr. *et al.*,          *

      Plaintiffs,          *

                       *          Case No. TJS-22-2701

v.          *

Signal Financial Credit Union,          *

      Defendant.          *

                     *      *      *      *      *      *

**MEMORANDUM OPINION**

This case is assigned to me for all proceedings by the consent of the parties, pursuant to 28 U.S.C. § 636(c). ECF Nos. 11, 13 & 14. Pending before the Court is Defendant Signal Financial Federal Credit Union's ("Signal") Motion for Summary Judgment (ECF No. 16) ("Motion"). Having considered the parties' submissions (ECF Nos. 16, 17, 20 & 21), I find that a hearing is unnecessary.[1] *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.      Introduction**

Plaintiff William N. Holland, Jr. ("Mr. Holland") filed the Complaint is his capacity as the "Sole Heir and Executor for The Estate of Evelyn Holland."[2] ECF No. 1. Mr. Holland is self-

---

[1] Plaintiffs' response and Signal's reply appear out of order on the docket, but both documents were timely filed.

[2] Because Mr. Holland is not a member of the Court's bar, he cannot represent the Estate of Evelyn Holland; he can only represent himself. Loc. R. 101.1 ("Individuals who are parties in civil cases may only represent themselves . . . . All parties other than individuals must be represented by counsel."). For the sake of efficiency, and because judgment will be entered in favor of Signal, the Court will address Signal's arguments as to both Plaintiffs.

represented.[3] *Id.*  After Signal responded to the Complaint (ECF No. 7), the Court issued a scheduling order, which established a discovery deadline of June 8, 2023. ECF Nos. 8-1 & 14. At the conclusion of discovery, Signal filed the instant Motion, which is now ripe for decision.

## II.    Discussion

### A.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict for the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Yet the "mere existence of a scintilla of evidence in support of the [opposing party's] position" cannot defeat a motion for summary judgment. Id. at 252.

The facts themselves, and the inferences to be drawn from those facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest on the mere allegations or denials of its pleading but must cite "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be

---

[3] During his deposition, Mr. Holland testified that he obtained a law degree from the Howard University School of Law but is not admitted to the Bar. ECF No. 17-1 at 5-6. Mr. Holland is currently retired from full-time employment. *Id.*

admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### B.    Factual Background

Unless otherwise indicated, the following facts are not in dispute. To the extent that any facts are in dispute, they will be viewed in the light most favorable to Plaintiff. *Scott*, 550 U.S. at 380 ("At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.").

According to Mr. Holland's Complaint, Evelyn Holland was diagnosed with Alzheimer's Disease in March 2013. *Id*. ¶ 7. After her diagnosis, Evelyn Holland asked her first cousin, Mr. Holland, "to accept her power of attorney to manager her financial affairs, and to act as eventual estate Executor." *Id.* Mr. Holland agreed to Evelyn Holland's request. *Id.* Evelyn Holland died on July 12, 2022. *Id.* ¶ 8. Mr. Holland was the sole heir of the decedent's estate. *Id.*

Mr. Holland alleges that Signal "blocked [his] digital access to [Evelyn Holland's] accounts." *Id.* ¶ 9. Thereafter, Signal informed Mr. Holland that "he would need to present Letters of Administration for continued access to the accounts."[4] *Id.* When Mr. Holland presented Signal with the requested documents, he was informed that Signal's Legal Department had to review the documents before his access to the decedent's accounts could be restored. *Id.* ¶ 11. After several weeks of phone inquiries, Mr. Holland met with a branch manager for Signal and asked why he was denied digital access to the decedent's account. *Id.* ¶ 12. He was informed that Signal's policy was to deny digital access to a decedent's accounts. *Id.*

---

[4] At the time of her death, Evelyn Holland maintained two accounts at Signal: a Home Improvement Loan and an overdraft account. *Id.* ¶ 10.

After denying Mr. Holland's request for digital access, Signal initially stated that Mr. Holland would be required to pay $10 per statement to obtain copies of the requested account statements. ECF No. 17 at 3. When Mr. Holland refused to pay, Signal waived the fee and made the account statements available to him free of charge. *Id.* When Mr. Holland declined to accept the free paper statements, Signal mailed them to him. *Id.* at 3-4. Signal continues to mail Mr. Holland monthly account statements. *Id.* at 4.

Plaintiffs allege that Signal's refusal to grant Mr. Holland digital access to the decedent's accounts is in violation of Maryland's Fiduciary Access to Digital Assets Act. Md. Code, Est. & Trusts §§ 15–601 *et seq.*, the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, the Consumer Credit Protection Act, *id.*, and Regulation Z, 12 C.F.R. § 226.23.[5] *Id.* ¶¶ 14-16.[6] Mr. Holland alleges that he has been injured by Signal's failure to give him digital access to the decedent's account statements. *Id.* ¶¶ 17-22.

### C.    Mr. Holland's Request for Discovery

Mr. Holland argues that Signals' Motion cannot be resolved without "the requested discovery." ECF No. 21 at 1. He argues that Signal objected to responding to his discovery requests and, as such, has impeded his search for the truth. *Id.* He accuses Signal of concealing evidence and obstructing the discovery process, which has prevented him "from presenting a complete and accurate account of events." *Id.* The Court rejects Mr. Holland's argument. In its previous order (ECF No. 23), the Court denied Mr. Holland's motion to compel discovery. The Court found that Mr. Holland had waited too long to propound discovery requests and that he had not shown good

---

[5] The regulations that implement the Truth In Lending Act are known as Regulation Z.
[6] The Complaint contains two paragraphs numbered 14.

4

cause to extend the discovery deadline.[7] *Id.* Signal complied with its discovery obligations in this case. Mr. Holland's failure to take the discovery he believes is necessary for a resolution of his claim will not work to his credit.

The Court also notes that Mr. Holland's request for the Court to postpone ruling on the Motion until he has taken additional discovery does not comply with Rule 56(d). Summary judgment is usually inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. de Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). But a party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To justify a denial of summary judgment on the grounds that additional discovery is necessary, the non-moving party must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995). Mr. Holland did not file an affidavit or declaration, as Rule 56(d) requires, and he did not articulate what additional evidence he needs that is essential to his opposition of the Motion.

For these reasons, Mr. Holland's complaints about the lack of discovery are meritless.

---

[7] Mr. Holland sent his discovery requests to Signal nine days before the discovery deadline and submitted his motion to compel more than a month after the discovery deadline had passed (and after the parties had advised the Court that discovery had been completed). ECF No. 23.

### D.      Maryland's Fiduciary Access to Digital Assets Act

Signal argues that it is entitled to summary judgment on Mr. Holland's claim under Maryland's Fiduciary Access to Digital Assets Act because Signal was not required to grant Mr. Holland with digital access to the decedent's accounts. ECF No. 17 at 6-7.

Section 15-606 of Maryland Trusts and Estates law provides that a fiduciary is only required to be granted digital access to a decedent's financial records if the decedent had previously indicated that such digital access should be granted. The statue provides:

> If a deceased user consented to or a court directs the disclosure of the contents of electronic communications of the user, a custodian shall disclose to the personal representative of the user's estate the content of an electronic communication sent or received by the user if the personal representative provides the custodian:
> (1) A written request for disclosure in physical or electronic form;
> (2) A copy of the certificate of the user's death;
> (3) A copy of the letters of administration of the personal representative or court order appointing a special administrator;
> (4) Unless the user provided direction using an online tool, a copy of the user's will, trust, power of attorney, or other record evidencing the user's consent to disclosure of the content of electronic communications[.]

Md. Code, Est. & Trusts § 15-606.

There is no dispute that Mr. Holland never produced to Signal evidence that Evelyn Holland authorized him to have digital access to her accounts. In fact, Mr. Holland testified that he was not granted such digital access to Evelyn Holland's accounts in the power of attorney or will of the decedent. ECF No. 17-1 at 31-32.

Signal also notes that Mr. Holland never made a written request for digital access to the decedent's accounts, which is required by Maryland's Fiduciary Access to Digital Assets Act. ECF No. 17 at 6-7. During his deposition, Mr. Holland testified that he never made such a written request, as required by the law. ECF No. 17-1 at 31. And in his responses to Signal's

interrogatories, Mr. Holland stated that his only requests for digital access were "made in person and denied in person." ECF No. 17-3 at 3.

In his opposition to the Motion, Mr. Holland states that Signal's argument on this point is a "red herring" and that both Maryland's Fiduciary Access to Digital Assets Act and "the Decedent's Last Will and Testament authorizes Executor's digital access to banking records." ECF No. 21 at 3. He also argues that Signal misled him by failing to tell him the requirements of Maryland's law governing access to digital assets. *Id.* And he argues that Signal "received a constructive written notice when Mr. Holland complained to the authorities." *Id.* at 4. The Court rejects these arguments.

Maryland's law governing access to digital assets is a statutory framework for determining when a person is entitled to certain digital access rights. As explained above, a fiduciary is only entitled to digital access of a decedent's bank accounts if they present certain evidence that the decedent wished for them to have such access. Mr. Holland has failed to present such evidence here.

Further, Mr. Holland's suggestion that the decedent's will grants him this access directly contradicts his sworn testimony during his deposition. But even if the decedent's will granted him such access, Mr. Holland has failed to cite to a copy of this document in his response. Rule 56(c) requires that a party making a factual assertion must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

And as for Mr. Holland's arguments that Signal had "constructive notice" of his request for digital access, the Court notes that Maryland's law does not require a custodian to provide

digital access under such circumstances. Instead, what is required is that a person wishing to obtain digital access make a written request to the custodian for such access, along with proof that the decedent had authorized them to have such access.

The Court is persuaded by Signal's argument. Mr. Holland did not make a proper written request under Maryland's Fiduciary Access to Digital Assets Act for digital access to the decedent's accounts. And Mr. Holland has failed to present evidence that the decedent ever gave him permission that he was entitled to digital access to her accounts. Since both a written request and proof that a decedent has authorized digital access are required under Maryland's law, Signal rightly denied Mr. Holland's oral requests for digital access.

Because there are no material facts in dispute as to Mr. Holland's claim under Maryland's Fiduciary Access to Digital Assets Act and Signal has shown that it is entitled to judgment as a matter of law, summary judgment will be granted to Signal on this claim.

### E.    Truth in Lending Act

Signal argues that it is entitled to summary judgment on Mr. Holland's claims under the Truth in Lending Act ("TILA"). ECF No. 17 at 7. Signal construes Mr. Holland's claim under the TILA to apply "only to the [Home Equity Line of Credit ("HELOC")] loan." See ECF No. 17 at 7 n.3. Absent any contrary argument from Mr. Holland, the Court will do the same. Signal presents three arguments related to this claim.

First, Signal argues that Mr. Holland "admitted during his deposition" that "he never asked Signal for anything related to the home equity line of credit." *Id.* at 7. Signal argues that there can be no claim for failure to provide digital access "to something which has never been requested." *Id.* at 8. Mr. Holland does not respond to this argument in his opposition brief.

Second, Signal argues that Regulation Z only requires periodic statements to "the consumer" and the consumer is defined as the person to whom the loan was made. *Id.* at 8 (citing 12. C.F.R. §§ 1026.1(a)(2) and 1026.2(a)(11). Signal states that because Evelyn Holland was the only consumer on the HELOC, and because no confirmed successor in interest was ever designated, neither Mr. Holland nor the Estate of Evelyn Holland have any obligation under the loan. *Id.* Further, neither Mr. Holland nor the Estate of Evelyn Holland qualify as consumers under the relevant section of the TILA. *Id.* Mr. Holland does not respond to this argument in his opposition brief.

Third, Signal argues that Mr. Holland has identified only statutory damages and no actual damages related to the HELOC statements. *Id.* at 9. As such, Signal argues that neither Mr. Holland nor the Estate of Evelyn Holland have standing. *Id.* Mr. Holland indirectly responds to this argument in his opposition brief. *See* ECF No. 21 at 5-6. He argues that Signal's failure to provide him with digital access has made it more difficult to conduct his duties as executor of Evelyn Holland's estate, and has required him to "secure a bond extension in the amount of $500 dollars." *Id.* He argues that the Estate has missed out on investment opportunities and incurred penalties and fees due to the late payment of bills (he does not identify these lost investment opportunities, penalties, or late fees). Mr. Holland also argues that he has suffered non-economic damages in the form of "emotional distress, frustration, and anxiety" due to being unable to have digital access to Evelyn Holland's accounts and being required to look at the paper statements that Signal mailed (and continues to mail) to him as a courtesy. *Id.*

The Court finds that Signal is entitled to summary judgment on Plaintiffs' TILA claims. It is undisputed that Mr. Holland never requested digital access to Evelyn Holland's HELOC accounts. And even if he had requested such access, the TILA and its implementing regulations

do not require that digital access be granted to anyone other than the person who took out the loan.

Finally, Mr. Holland has not alleged actual damages from Signal's purported TILA violations related to the HELOC, which leaves both Plaintiffs without standing. *See O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 243 (4th Cir. 2023) ("The intangible harm of enduring a statutory violation, standing alone, typically won't suffice under Article III—unless there's separate harm (or a materially increased risk of another harm) associated with the violation.").

### III.   Conclusion

For these reasons, Signal is entitled to summary judgment on all of Plaintiffs' claims. The Motion (ECF No. 16) is **GRANTED**.

Date:   January 16, 2024                           _____/s/_____
                                                   Timothy J. Sullivan
                                                   Chief United States Magistrate Judge